IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| CORNICE & ROSE INTERNATIONAL, LLC<br><br>      Plaintiff,<br><br>v.<br><br>FOUR KEYS, LLC, FIRST SECURITY BANK & TRUST COMPANY, MARCO TECHNOLOGIES, YOUNG CONSTRUCTION, LTD., PERRY NOVAK ELECTRIC, INC., KAMM EXCAVATING, CORP., SUPERIOR LUMBER, INC, KURT HERBRECHTSMEYER, DEAN SNYDER CONSTRUCTION CO., MICK GAGE PLUMBING & HEATING, INC. NORTHERN CEDAR SERVICE CO., INC., and BRIAN YOUNG<br><br>      Defendants. | CASE NO. 6:20-cv-2097<br><br><br><br><br>DEFENDANTS FOUR KEYS, LLC; FIRST SECURITY BANK & TRUST COMPANY; AND KURT HERBRECHTSMEYER'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS |

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................. ii

INTRODUCTION ........................................................................................................... 1

BACKGROUND .............................................................................................................. 2

SPECIFIC ALLEGATIONS AGAINST EACH MOVING DEFENDANT ..................... 5

STANDARD FOR MOTION ........................................................................................... 6

ARGUMENT ................................................................................................................... 7

    I.    The Copyright Act Allows Defendants' Alleged Conduct as a Matter of Law ......................................................................................................................... 7

A.      C&R fails to state a claim for copyright infringement because it does not plead facts showing the Bank, Four Keys, or Herbrechtsmeyer "copied" McQuillen Place as required by the Copyright Act .............. 9

B.      C&R fails to state a claim for copyright infringement because it does not plead facts showing Herbrechtsmeyer made derivative works of the building ......................................................................................... 10

C.      C&R fails to state a claim for inducing copyright infringement because it does not plead facts showing direct infringement by the Bank or Herbrechtsmeyer, or encouragement by Four Keys ......................... 12

II.      C&R's Claims are Precluded based on Judge Collins' Order Approving the Sale, Use, Occupation, Development, and Completion of the Existing Interior and Exterior of the Property Free and Clear from Any Claims of Copyright Infringement by C&R ................................................................................... 13

III.      C&R Fails to State a Claim for Declaratory Judgment (Count II) Because C&R's Claim for Copyright Infringement Fails as a Matter of Law ............. 17

Conclusion ......................................................................................................... 18

Certificate of Electronic Filing and Service ...................................................... 19

## **TABLE OF AUTHORITIES**

**Cases:**

*Arizona v. California*, 460 U.S. 605 (1983) ........................................................ 16

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .............................................................. 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................... 7

*Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988) ...................... 17

*Christopher Phelps & Associates, LLC v. Galloway*, 492 F.3d 532 (4th Cir. 2007) ................ 9, 10

*Comes v. Microsoft Corp.*, 709 N.W.2d 114 (Iowa 2006) ...................................... 14

*Cornice & Rose Intl, LLC v. First Security Bank & Trust Co., et al.* (8th Cir.), Dec. 22, 2020 ....... 2

*Geiger v. Tokheim*, 191 B.R. 781 (N.D. Iowa 1996) ............................................ 13

*Hunter v. City of Des Moines*, 300 N.W.2d 121 (Iowa 1981) ................................ 14

*Javelin Investments, LLC v. McGinnis*, 2007 WL 781190 (S.D. Tex. Jan. 23, 2007)...............11

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005) ..........................9, 12

*Mulcahy v. Cheetah Learning, LLC*, 386 F.3d 849 (8th Cir. 2004) .......................................... 8

*Nunes v. Lizza*, No. 19-CV-4064-CJW-MAR, 2020 WL 4507326 (N.D. Iowa Aug. 5, 2020)...................................................................................................................................... 7

*Olan Mills v. Linn Photo*, 23 F.3d 1345, 1347 (8th Cir. 1994)................................................ 8

*Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) ................................... 7

*Ringdahl Architects, Inc. v. Swendsrud Constr., Inc.*, No. CV 16-1060 (DWF/LIB), 2017 WL 5157605 (D. Minn. Nov. 6, 2017) ...................................................................................12

*Stender v. Blessum*, 897 N.W. 2d 491 (Iowa 2017) ...............................................................13

*United Tel. Co. v. Johnson Publ'g Co.*, 855 F.2d 604 (8th Cir. 1988)........................................ 8

*Warner Bros. Entm't v. X One X Prods.*, 644 F.3d 584 (8th Cir. 2011)................................9, 10

**Other:**

10B Fed. Prac. & Proc. Civ. §2761 ....................................................................................18

17 U.S.C. §101 ................................................................................................................ 8

17 U.S.C. §102 ................................................................................................................ 8

17 U.S.C. §106(1) .......................................................................................................4, 10

17 U.S.C. §106(2) .........................................................................................................1, 8

17 U.S.C. §120(b) ................................................................................................... 1, 4, 8, 11

Fed. R. Civ. P. 8(a)........................................................................................................... 7

Fed. R. Civ. P. 12(b)(6)..................................................................................................... 7

# INTRODUCTION

Plaintiff Cornice & Rose International, LLC ("C&R"), the architect who designed a building for an owner that filed for bankruptcy, asserts copyright claims prohibiting the use, development, and completion of this building after a Bankruptcy Court approved the sale of the building ("the Property") and its use, occupancy, development and completion. The order entered by the Honorable Thad J. Collins approving the sale ("the Order") allows the purchaser and others to use, occupy, develop, and complete the Property "free and clear of existing and future claims of C&R whether for copyright infringement or otherwise." [ECF 1, ¶ 30] The Order binds C&R because it appealed the Order and because their appeal has been dismissed, the Order is final and therefore issue preclusive as to what the purchaser and others are permitted to do, and it should be accorded deference under law of the case principles. Even more fundamentally, there has been no copying of C&R's architectural works copyright and thus no infringement. Moreover, the Copyright Act expressly permits owners of buildings to make or authorize alterations to a building without seeking permission from the copyright owner:

> Alterations to and Destruction of Buildings.—
>
> Notwithstanding the provisions of section 106(2), the owners of a building embodying an architectural work may, ***without the consent of the author or copyright owner of the architectural work***, make or authorize the making of alterations to such building, and destroy or authorize the destruction of such building.

17 U.S.C. 120(b) (emphasis added). Accordingly Defendants Four Keys, LLC ("Four Keys"), First Security Bank & Trust Company ("the Bank"), and Kurt Herbrechtsmeyer ("Herbrechtsmeyer") move to dismiss C&R's complaint because Judge Collins' Order was drafted to give effect to what 17 U.S.C. 120(b) authorizes them to do with the Property.

1

# BACKGROUND

The Bank bought the McQuillen Place building ("Property") from Trustee Charles L. Smith ("Trustee") as part of the bankruptcy of McQuillen Place Company LLC ("McQuillen LLC"), the Property's developer in April 2020. [ECF 1, ¶¶ 24, 26, 28 & 34] Four Keys is the assignee of the Bank's rights in the Property [ECF 1, ¶ 34] and now owns the Property located at 123 Main Street, Charles City, Iowa. [ECF 1, ¶¶ 20 & 34] C&R appealed the Bankruptcy Court's approval of the sale of the Property [ECF 1, ¶ 34], and that appeal has now been dismissed. [Case No. 20-3242, *Cornice & Rose Intl, LLC v. First Security Bank & Trust Co., et al.* (8th Cir.), Dec. 22, 2020, Ex. A]

While substantially complete, Four Keys has undertaken efforts to complete the Property to make it habitable and such efforts are consistent with the Order. [ECF 1, ¶ 34] Each of the three Defendants who move to dismiss the Complaint are alleged to have committed copyright violations, in general, by purchasing, using, or occupying the Property, or by completing the existing interior or exterior of the Property. The Bank is alleged to have violated C&R's copyright by seeking to purchase the Property and then assigning its interest to Four Keys. [*Id.*, ¶ 33] Four Keys is alleged to have violated C&R's copyright by purchasing and taking possession of the Property and contracting with third parties to perform construction on the Property. [*Id.*, ¶ 34] Four Keys is also alleged to have induced others to infringe C&R's copyright. [*Id.*] Herbrechtsmeyer is alleged to have violated C&R's copyright by overseeing and coordinating the actions of the Bank and Four Keys and painting the exterior of the Property. [*Id.*, ¶ 35]

Judge Collins' Order [Case No. 19-00507, ECF 154, p. 12] authorized the three Defendants, who now move for dismissal of the Complaint, to do the acts of which C&R now complains again, when the Court ordered:

> 19. Copyright: So long as the Purchaser, or its assignee, or its architect or agents do not use the Plans of Drawings or any work in which Cornice & Rose International, LLC (C&R) holds a valid copyright, (the C&R Intellectual Property), the Purchaser, or its assignee, may use and occupy the Property, develop the Property, and complete the existing interior and exterior of the Property, free and clear of existing and future claims of C&R, whether for copyright infringement or otherwise. The Purchaser, or its assignee, or its architect or agents may not use C&R Intellectual Property without first making arrangements satisfactory to C&R for the use of the C&R Intellectual Property. Nothing contained herein shall preclude future claim of copyright infringement resulting from the improper or unauthorized use of the C&R Intellectual Property by the Purchaser, or its assignee, or any third parties.

[ECF 1, ¶ 30] The Complaint makes no allegation that Defendants have used the Plans or Drawings of C&R.

It seems that C&R's theory is that if it has an architectural works copyright covering the Property, then C&R can prevent these Defendants from doing what the Bankruptcy Court has ordered they may do—use, occupy, develop, and complete the interior and exterior of the Property free and clear of C&R's claims, including copyright claims. The Eighth Circuit Court of Appeals' dismissal of C&R's appeal makes Judge Collins' Order final and preclusive as to the right of these Defendants to "use and occupy the Property, develop the Property, and complete the existing interior and exterior of the Property, free and clear of existing and future claims of C&R, whether for copyright infringement or otherwise." [Ex. A]

In addition to being authorized by Judge Collins' Order, there has been no copyright infringement by the Defendants. Again, C&R's theory seems to be that if it has an architectural works copyright covering the Property, then C&R can prevent these Defendants from using, occupying, developing, and completing the interior and exterior of the Property.

3

However, that is not the law. On the contrary, use of the building by the owner does not equal use of the copyright. And so, the actions alleged by C&R to be copyright infringement are not prohibited under the Copyright Act. In Count I, C&R has asserted violation of its rights in an architectural works copyright in McQuillen Place. [ECF 1, ¶¶ 45-53] In Count II, C&R further seeks a declaratory judgement of its rights. [*Id.*, ¶¶ 54-70] As shown below, the Complaint fails to state a claim and should be dismissed with prejudice.

First, the Copyright Act reserves certain exclusive rights to the copyright owner including the right to make copies of the copyrighted work. *See* 17 U.S.C. §106(1). However, the authorities discussed in this brief show that (1) purchasing a building, (2) assigning rights in a building, (3) taking possession of a building, or (4) engaging in construction on a building do not make copies of the building, and these actions are not infringement under the Copyright Act. Accordingly, C&R does not allege any action on the part of Four Keys, the Bank, or Herbrechtsmeyer that is infringement, e.g. unauthorized copying.

Second, the actions alleged by C&R to be acts of infringement are specifically permitted under the Copyright Act. The Copyright Act unequivocally allows owners of a building to make or authorize the making of alterations to a building covered by an architectural works copyright. 17 U.S.C. §120(b). Thus, C&R does not allege any action on the part of Herbrechtsmeyer or any other defendant that is infringement, e.g. making an unauthorized derivative work.

Third, a direct infringement by a third party is an element of inducing copyright infringement. However, C&R does not allege any action on the part of Herbrechtsmeyer or any other defendant that is an act of infringement. Thus, C&R does not allege any action that

is direct infringement that could serve as the basis for a holding that Four Keys induced infringement.

Fourth, encouragement of infringement by a third party is an element of inducing copyright infringement. However, C&R does not allege any action on the part of Four Keys that encouraged a third party to infringe C&R's copyright. Thus, C&R does not allege any action by Four Keys that could serve as the basis for a holding that Four Keys induced infringement.

Fifth, C&R, in its declaratory judgment count, merely seeks resolution of matters that will already be resolved as part of its copyright claims. Thus, C&R does not request any declaration that is distinct from its copyright claims.

Accordingly Four Keys, the Bank, and Herbrechtsmeyer request that this Court dismiss Count I and Count II of the Complaint with prejudice.

## SPECIFIC ALLEGATIONS AGAINST EACH MOVING DEFENDANT

C&R's complaint alleges it obtained an architectural work copyright registration on McQuillen Place on October 10, 2020. [ECF 1, ¶ 22] C&R does not allege any copyright registration on the technical plans or drawings for McQuillen Place. Thus, the only allegedly copyrighted work at issue is the architectural works copyright in the Property *per se*.

C&R never alleges that Four Keys, the Bank or Herbrechtsmeyer copied the architectural works copyright as embodied in the Property. And C&R only alleges that Herbrechtsmeyer made alterations to the Property that were otherwise permitted by law.

C&R further alleges Herbrechtsmeyer "violated" its architectural works copyright by "overseeing and coordinating" the actions of the Bank and Four Keys, and by "painting the

exterior of the [McQuillen Place] building." [ECF 1, ¶ 35] These alterations to the Property are permitted without consent of the copyright owner.

C&R further alleges that Four Keys "violated" its architectural works copyright by "inducing third parties (as described herein) to (among other things) use [C&R's] protected design work product while engaging in construction activities which were themselves based on and derivative of [C&R's] protected design work product." [ECF 1, ¶ 34] As shown below, none of the actions alleged by C&R are copying or making a derivative work, and thus cannot serve as a basis for a holding that Four Keys induced infringement. Moreover, C&R never alleges any action by Four Keys that would be encouragement of a third party to infringe C&R's copyright, and thus there is no basis for a holding that Four Keys induced infringement.

C&R requests a declaratory judgment to "determine the extent of the rights of [C&R] under the architectural works copyright, and specifically declare what rights [C&R] has and to what extent the structure can be used by the purchasers and assignees." [ECF 1, ¶ 60] C&R further requests the Court to "declare that the Intellectual Property [the architectural works copyright in the Property] includes the entire building and therefore any use of the building" and to "declare that the purchaser or assignee must obtain [C&R's] permission before using the property and that [C&R] may require payment of consideration as a condition of use." [ECF 1, ¶ 69] However, none of these requests are distinct from C&R copyright infringement allegations and therefore the declaratory judgment claims fails if C&R's copyright claim fails.

**STANDARD FOR MOTION**

Judge Williams has recently stated the standard for Defendants' Rule 12(b)(6) motion as follows:

A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction ... a short and plain statement of the claim showing that the pleader is entitled to relief ... and a demand for the relief sought." Fed. R. Civ. P. 8(a). Rule 12(b)(6) provides that a party may assert the defense of failure to state a claim upon which relief can be granted by motion and that "[a] motion asserting [this] defense[ ] must be made before pleading if a responsive pleading is allowed." "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations and quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," but "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Id.*, at 555-56, 127 S.Ct. 1955. Indeed, a theory asserted need only be plausible, which requires "enough fact to raise a reasonable expectation that discovery will reveal evidence of [the conduct alleged]." *Id.*

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has *alleged*—but has not *shown*—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (emphasis added) (citation and internal quotation marks omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* When a pleading contains nothing more than conclusions, however, those conclusions are not entitled to the assumption of truth. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

*Nunes v. Lizza*, No. 19-CV-4064-CJW-MAR, 2020 WL 4507326, at *2 (N.D. Iowa Aug. 5, 2020). In addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

## ARGUMENT

### I.   The Copyright Act Allows Defendants' Alleged Conduct as a Matter of Law.

The Copyright Act seeks to protect "original works of authorship fixed in any tangible medium of expression" by granting to the author certain exclusive rights, as pertinent here,

7

including the right to control making copies of the work and the right to control the making of derivative works.[1] *United Tel. Co. v. Johnson Publ'g Co.*, 855 F.2d 604, 607 (8th Cir. 1988) (quoting 17 U.S.C. § 102); *Olan Mills v. Linn Photo*, 23 F.3d 1345, 1347 (8th Cir. 1994); *Mulcahy v. Cheetah Learning, LLC*, 386 F.3d 849, 852 (8th Cir. 2004) (quoting 17 U.S.C. § 106(2)).

However, for architectural works—i.e. buildings such as the Property, the Copyright Act specifically limits the definition of a 'derivative work' to exclude alterations made by the owner or its designee. That is, the Copyright Act permits owners of buildings to make or authorize alterations to a building without seeking permission from the copyright owner:

> Alterations to and Destruction of Buildings.—
>
> Notwithstanding the provisions of section 106(2), the owners of a building embodying an architectural work may, ***without the consent of the author or copyright owner of the architectural work***, make or authorize the making of alterations to such building, and destroy or authorize the destruction of such building.

17 U.S.C. 120(b) (emphasis added). Thus, the owner of an architectural works copyright has no right to control the making of alterations to a building and controlling the making of derivative works is not one of the exclusive rights of the owner of an architectural works copyright.

In order to allege a claim for copyright infringement under Count I, C&R must allege the violation of one of these exclusive rights of the copyright owner, such as copying a work or making a derivative work without permission. *United Tel. Co.*, 855 F.2d at 607.

---

[1] The Copyright Act also grants the copyright owner other exclusive rights not pertinent to architectural works, e.g. the right to perform the work publicly or distribute works. It is unclear how an architectural work could be 'distributed.' *See* Paltry on Copyright §3:111 ("The distribution right also would not apply to the built structure for obvious reasons. That right involves the actual physical movement of a copy of the work. The right is the right to distribute copies, defined as material objects in [17 U.S.C.] Section 101. One can hardly distribute a material object if that object does not move.").

8

To state a claim for inducing copyright infringement, there must a direct infringer—i.e. a party that has violated the Copyright Act. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). Further there must some additional activity on the part of the alleged inducer such as "[e]vidence of active steps taken to encourage direct infringement such as advertising an infringing use or instructing how to engage in an infringing use." *Id.* at 936 (internal quotes and citations removed).

A.    **C&R fails to state a claim for copyright infringement because it does not plead facts showing the Bank, Four Keys, or Herbrechtsmeyer "copied" McQuillen Place as required by the Copyright Act.**

C&R does not allege that the Bank *copied* the architectural works copyright in the form of the building; that is, C&R does not allege that a second building was constructed by the Bank. Rather, C&R alleges the Bank purchased the original and singular building that is the Property and assigned its ownership interest to another. From the text of the Copyright Act, neither "seeking to purchase" nor "assigning its interests" can reasonably be understood as making a copy of the Property. Indeed, a sale or purchase of a building protected by an architectural works copyright does not create a second copy of the building and thus is not copyright infringement. *Christopher Phelps & Associates, LLC v. Galloway*, 492 F.3d 532, 544 (4th Cir. 2007) (holding "[a] sale of the house would not be a second copy or manifestation of the design, but merely a transfer of the structure in which the design was first copied"). Without copying, there is no infringement. *Warner Bros. Entm't v. X One X Prods.*, 644 F.3d 584, 595 (8th Cir. 2011) (required element for claim of copyright infringement is "copying of original elements of the copyrighted work").

C&R does not allege that Four Keys *copied* the architectural works copyright in the form of the building; that is, C&R does not allege that a second building was constructed by

9

Four Keys. Rather, C&R accused Four Keys of purchasing and taking possession of the Property. From the text of the Copyright Act, neither "purchasing" nor "taking possession" can reasonably be understood as making a copy of the Property. Rather, the opposite is true; a sale or purchase of a building does not create a second copy of the building. *Christopher Phelps & Assocs.*, 492 F.3d at 544. Without copying, there is no infringement. *Warner Bros.*, 644 F.3d at 595; 17 U.S.C. § 106(1).

C&R does not allege that Herbrechtsmeyer *copied* the architectural works copyright in the form of the building; that is, C&R does not allege that a second building was constructed by Herbrechtsmeyer. Rather, C&R alleges Herbrechtsmeyer painted the Property, oversaw and coordinated the activities of others, and engaged in construction activities. From the text of the Copyright Act, none of "painting," "overseeing and coordinating," or "engaging in construction activities" can reasonably be understood as making a copy of the Property. Without copying, there is no infringement. *Warner Bros.*, 644 F.3d at 595; 17 U.S.C. § 106(1).

Because it fails to allege facts showing that the Bank, Four Keys, or Herbrechtsmeyer, *copied* the building, C&R has failed to state a claim for copyright infringement and this portion of Count I should be dismissed.

**B.    C&R fails to state a claim for copyright infringement because it does not plead facts showing Herbrechtsmeyer made derivative works of the building.**

C&R alleges that Herbrechtsmeyer made derivative works of the architectural works copyright, in the form of the Property, by making alterations to the Property. C&R alleges that Herbrechtsmeyer's actions were at the behest of Four Keys, the owner of the Property. Accepted as true for the purposes of a motion to dismiss, Four Keys authorized the activities of each defendant with respect to the Property. That is, each other defendant was authorized by Four Keys to engage in construction activities with respect to the Property and to make

alterations to the Property. Alterations to the Property by the building owner (here, Four Keys) or authorized by the building owner do not require consent of the copyright owner (here, C&R) and are not derivative works of the architectural works copyright in the Property. 17 U.S.C. §120(b). C&R has no right to prevent Four Keys, as the building owner, from making or authorizing alterations to the Property.

Courts interpreting both the plain meaning and the legislative history of 17 U.S.C. §120(b) allow building owners the right to modify, alter, complete, or destroy their buildings because "[i]n order to perform its utilitarian functions, a building must be able to adapt and change and "[c]onditioning changes on the approval of the original architect may lead to frustrating delays." *Javelin Investments, LLC v. McGinnis*, 2007 WL 781190, at *6 (S.D. Tex. Jan. 23, 2007) (citing 41 Duke L.J. 1598, 1622-23 (June 1992)); *see generally* *5-*9. The *McGinnis* court noted that Section 120(b) "places no limits upon the means by which building owners may alter their buildings without fear of infringement. Whether that alteration is accomplished by measuring the existing structure or by copying the original plans for the existing structure is simply immaterial." *Id*. at *8. While "a homeowner could not copy the architectural plans in order to build another home on another site," the court held as a matter of law "[t]he defendants are unquestionably owners of the building that is claimed to embody those plans. The allegedly infringing acts involve the homeowners' alteration of the structure for which the plans were originally made. Therefore Section 120(b)'s express limitation on the scope of exclusive rights in architectural works has been triggered here." *Id*. at *8-*9. C&R does not allege that any of the defendants copied the plans to the Property, but even if it had been so alleged, Four Keys, as the owner of the Property, under Section 120(b) is entitled to alter the Property (whether through additions, modifications, or destruction) without liability

under the Copyright Act. *See Ringdahl Architects, Inc. v. Swendsrud Constr., Inc.*, No. CV 16-1060 (DWF/LIB), 2017 WL 5157605, at *4 n.4 (D. Minn. Nov. 6, 2017).

Because it fails to allege facts showing that any defendant, including Herbrechtsmeyer, made derivative works of the architectural works copyright in the Property, C&R has failed to state a claim for copyright infringement and this portion of Count I should be dismissed.

**C.** **C&R fails to state a claim for inducing copyright infringement because it does not plead facts showing direct infringement by the Bank or Herbrechtsmeyer, or encouragement by Four Keys.**

C&R alleges that Four Keys induced others to infringe the architectural works copyright in the Property. [ECF 1, ¶ 34] Direct infringement by someone else is a necessary element of a holding of inducing copyright infringement by Four Keys. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). As discussed above, none of the actions of the Bank or Herbrechtsmeyer (or any other defendant) alleged by C&R constitutes either making a copy of the Property or creating a derivative work of the Property. C&R does not allege facts to show direct infringement by any of the Bank or Herbrechtsmeyer (or any other defendant). Without the underlying direct infringement, there can be no inducement of copyright infringement by Four Keys. *Grokster*, 545 U.S. at 930.

Because C&R fails to allege facts showing that the Bank or Herbrechtsmeyer infringed the architectural works copyright in the Property, C&R has failed to state a claim for inducing copyright infringement and this portion of Count I should be dismissed.

C&R also has not alleged any facts showing Four Keys encouraged the Bank or Herbrechtsmeyer (or any other defendant) to infringe the architectural works copyright in the Property. However, encouragement by the alleged inducer is a necessary element of a holding of inducing copyright infringement by Four Keys. *Grokster*, 545 U.S. at 936. Because it fails

to allege facts showing that Four Keys encouraged others to infringe the architectural works copyright in the Property, C&R has failed to state a claim for inducing copyright infringement and this portion of Count I should be dismissed.

## II.  C&R's Claims are Precluded based on Judge Collins' Order Approving the Sale, Use, Occupation, Development, and Completion of the Existing Interior and Exterior of the Property Free and Clear from Any Claims of Copyright Infringement by C&R.

The Order from the Bankruptcy Court expressly authorizes the three Defendants which seek dismissal to take certain actions with respect to the Property—specifically to purchase, assign, use, occupy, develop, and complete the Property, and to do these acts expressly "free and clear of existing and future claims of C&R, whether for copyright infringement or otherwise." [ECF 1, ¶ 30, citing Judge Collins April 9, 2020 Order in Case No. 19-507 (Bankr. N.D. Iowa)[2]] The Order is a final judgment because the U.S. Court of Appeals for the Eight Circuit dismissed C&R's appeal, and the Order has issue preclusive effect both as to what it authorizes the Defendants to do with the Property and that those actions are free and clear of C&R's copyright claims with respect to the Property. Moreover, the principle of law of the case warrants dismissal of C&R's claims, as will be shown.

The Court applies federal common law to determine the preclusive effect of Judge Collins' Order. *Geiger v. Tokheim*, 191 B.R. 781, 791 (N.D. Iowa 1996). As relevant here, federal common law and Iowa law are in accord and therefore there is no conflict. *Id.* Issue preclusion under Iowa law requires identical issues, raised and litigated in the prior case, material and relevant to the disposition, and "essential to the resulting judgment." *Stender v.*

---

[2] Judge Collins' Order directs "This Court shall retain exclusive jurisdiction with respect to issues or disputes in connection with this Order and the relief provided herein, including without limitation to protect the Trustee and Purchaser from interference with the Sale, and to resolve any disputes related to the Sale, the Agreement or the implementation thereof." [April 9, 2020 Order, pp. 10-11, ¶ 13]

*Blessum*, 897 N.W. 2d 491, 517 (Iowa 2017). The Iowa Supreme Court expressly ruled that a finding of fact is "essential to the resulting judgment" when that finding is "necessary to the adjudicator's first judgment." *Comes v. Microsoft Corp.*, 709 N.W. 2d 114, 121 (Iowa 2006) ("essential" means important to the parties and necessary to the adjudicator's first judgment"). Collateral estoppel, or issue preclusion, prevents parties in a prior action from re-litigating issues raised and resolved in a previous action. *Id.* at 117–18. Issue preclusion may be invoked if four prerequisites are met:

> (1) the issue concluded must be identical; (2) the issue must have been raised and litigated in the prior action; (3) the issue must have been material and relevant to the disposition of the prior action; and (4) the determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.

*Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981). All the prerequisites for issue preclusion are established by the earlier Order. The issue of what the new owner of the Property may do with the property was identical in the earlier Bankruptcy matter, the issue was raised and litigated, the issue was resolved and covered in Order, and the determination was necessary and essential to the resulting judgment, as it governed what the parties could do with respect to the Property following sale.

The Bankruptcy Court already expressly ruled that the Purchaser (the Bank and its permitted assigns) may use, occupy, develop, and complete the existing interior and exterior of the Property free and clear of existing and future claims of copyright infringement of C&R with respect to the Property.[3] [ECF 1, ¶ 30] The allegations against the three Defendants which have moved for dismissal of the Complaint are expressly permitted by the Order and

---

[3] If any of the Defendants constructed a second building, then such second building may be subject to C&R's copyright claims, as seen in the final sentence of the Order.

the finality of that Order precludes re-litigation of the issues expressly determined by the Bankruptcy Court's Order.

The Complaint alleges that the Bank violated C&R's copyright by "seeking to purchase and then assigning its interest in the building"—the same purchase and assignment that Judge Collins expressly permitted to be done and may be done free and clear of C&R's copyright claims. [ECF 1, ¶¶ 19 & 33] If this Complaint is not dismissed, then, contrary to the Order, the Bank is not permitted to assign the Property, use or develop it, or to do so free and clear of C&R's copyright claims. The Complaint is a copyright claim against the Bank for purchasing and assigning the Property that the Order expressly stating that it could do so. The issue was already litigated and determined in a final Order of the Bankruptcy Court with issue preclusive effect authorizing the Bank (or it assignees) to use, occupy, develop, and complete the Property free and clear of C&R's copyright claims.

The same is true for the allegations against the other Defendants. For example, Four Keys is alleged to have violated C&R's copyright by attempting to purchase the property and engaging in constructions activities on the Property. [ECF 1, ¶ 34] The Order permits assignment to Four Keys of the Property and for an assignee to use, occupy, develop and complete the Property free and clear of C&R's copyright claims (whether past, present, or future claims). [ECF 1, ¶ 19] If this Complaint is not dismissed, then, contrary to the Order, the Bank's assignee is not permitted to use, occupy, develop, or complete the Property, or to do so free and clear of C&R's copyright claims. The issue was already litigated and determined in a final Order of the Bankruptcy Court with issue preclusive effect authorizing the Bank's assignees to use, occupy, develop, and complete the Property free and clear of C&R's copyright claims.

As for Kurt Herbrechtsmeyer, the Complaint alleges he oversaw and coordinated the Bank's and its assignee's actions, all of which the Order authorizes, and by painting the Property, which it authorized as work to complete the exterior of the Property. [ECF 1, ¶ 19] If this Complaint is not dismissed against Defendant Herbrechtsmeyer, then, contrary to the Order, the Bank's agent or the Bank's assignee's agent is not permitted to use, occupy, develop, or complete the Property, or to do so free and clear of C&R's copyright claims, as the Bankruptcy Court expressly ordered and which authorization is issue preclusive against C&R.

None of the three Defendants, nor any other Defendant, is alleged to have done anything beyond what the Bankruptcy Court has expressly permitted to be done with the Property, the Order has become a final order by the Eight Circuit's dismissal of C&R's appeal, and the Order is issue preclusive that the alleged actions of the Defendants are expressly permitted by the Order and expressly authorized free and clear of C&R's copyright claims. The Complaint is not permitted to continue because Defendants' actions are authorized and free and clear of C&R's copyright claims.

In addition to the express authorization of Defendants' actions by the Order, the express statement that those actions are free and clear of C&R's copyright claims, and the issue preclusive effect of a final order of this federal court, the principle of law of the case also protects the Defendants' action and justifies dismissal of the Complaint against them. The U.S. Supreme Court has stated:

> As most commonly defined, the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.

*Arizona v. California*, 460 U.S. 605, 618 (1983); *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816-17 (1988). Absent extraordinary circumstances, law of the case principles should accord great deference to prior legal decisions.

> A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice.

*Arizona v. California,* 460 U.S. at 618, n.8 (citation omitted). The law of the case adds justification for the relief requested.

Because C&R's claims are barred by issue preclusion and law of the case considerations, Count I should be dismissed.

### III.    C& R Fails to State a Claim for Declaratory Judgment (Count II) Because C&R's Claim for Copyright Infringement Fails as a Matter of Law.

C&R requests a declaration as to the scope of its rights in its architectural works copyright in the Property, the extent the building owner can use the building, and that C&R's permission is required before using the Property. [ECF 1, ¶¶ 55-70] However, C&R requests nothing more than a holding of copyright infringement. This can be seen by comparing the analysis that would need to be done for each requested declaration. For each and every requested declaration, the analysis is the same as for determining copyright infringement. As pertinent here, whether the alleged infringer copied or made a derivative work without permission will determine: the scope of C&R's rights in its architectural works copyright, the building owner's right to use the Property, and whether C&R's permission is required before using the Property. Thus, in its declaratory judgement count, C&R requests nothing more than a holding of copyright infringement.

As discussed above, however, C&R has not alleged any facts showing that the actions of the Bank, Four Keys, or Herbrechtsmeyer (or any other defendant) constitute copyright infringement. The Bank, Four Keys, or Herbrechtsmeyer did not copy the Property. Herbrechtsmeyer did not make a derivative work of the Property. Four Keys did not induce infringement because there was no infringement by the Bank or Herbrechtsmeyer, and Four Keys did not encourage anyone to infringe the architectural works copyright in the Property. In sum, the Bank, Four Keys or Herbrechtsmeyer did not infringe C&R's copyright.

Because it requests nothing more than a holding of copyright infringement and there is no copyright infringement, Count II should be dismissed because the Defendants did not commit copyright infringement as a matter of law. 10B Fed. Prac. & Proc. Civ. § 2761.

## Conclusion

C&R's claims against Defendants Four Keys, the Bank, and Herbrechtsmeyer seek to assert liability for actions that Judge Collins' Bankruptcy Court Order expressly allowed—the ability for Defendants to "use and occupy the Property, develop the Property, and complete the existing interior and exterior of the Property, free and clear of existing and future claims of C&R." Moreover, there has been no infringement of C&R's copyright. Accordingly C&R's complaint must be dismissed with prejudice and costs awarded to Defendants.

DATED:  January 11, 2021                SIMMONS PERRINE MOYER BERGMAN PLC

  /s/ Roger W. Stone
Roger W. Stone, AT0007519
Jacob W. Nelson, AT0010431
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
Telephone: 319-366-7641
Facsimile: 319-366-1917
rstone@spmblaw.com
jnelson@spmblaw.com

ATTORNEYS FOR DEFENDANTS FOUR KEYS,
LLC; FIRST SECURITY BANK & TRUST COMPANY;
AND KURT HERBRECHTSMEYER

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2021, I served the foregoing document via CM/ECF to:

Peter C. Riley
Tom Riley Law Firm, P.L.C.
4040 First Avenue N.E.
PO Box 998
Cedar Rapids, IA 52406-0998
ATTORNEYS FOR PLAINTIFF
CORNICE & ROSE INTERNATIONAL LLC

Steven D. Marso
Whitfield & Eddy, P.L.C.
699 Walnut Street, Suite 2000
Des Moines, IA 50309
ATTORNEYS FOR DEAN SNYDER CONSTRUCTION CO.

Judith O'Donohoe
Elwood, O'Donohoe, Braun & White, LLP
116 North Main Street
PO Box 307
Charles City, IA 50616-0307
ATTORNEYS FOR DEFENDANT
MICK GAGE PLUMBING & HEATING, INC.

Jeremy L. Thompson
Putnum, Thompson & Caspter, P.L.L.C.
801 Commerce Drive, Suite 1
PO Box 70
Decorah, IA 52101
ATTORNEYS FOR DEFENDANT
PERRY NOVAK ELECTRIC, INC.

Janice M. Thomas
Bradshaw, Fowler, Proctor & Fairgrave, P.C.
801 Grand Avenue, Suite 3700
Des Moines, IA 50309-3700
ATTORNEYS FOR DEFENDANT
NORTHERN CEDAR SERVICE CO., INC.

/s/ Roger W. Stone

19