IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

CORNICE & ROSE INTERNATIONAL, LLC

    Plaintiff,

v.                                                                                                                                                Civ. No. 6:20-cv-2097-KEM

FOUR KEYS, LLC, FIRST SECURITY
BANK & TRUST COMPANY, MARCO TECHNOLOGIES,
YOUNG CONSTRUCTION, LTD., PERRY NOVAK
ELECTRIC, INC., KAMM EXCAVATING, CORP.,
SUPERIOR LUMBER, INC, KURT HERBRECHTSMEYER,
DEAN SNYDER CONSTRUCTION CO., MICK GAGE
PLUMBING & HEATING, INC. NORTHERN CEDAR
SERVICE CO., INC., BRIAN YOUNG, and WWA DESIGN LLC d/b/a
ATURA ARCHITECTURE.

    Defendants.

---

## AMENDED COMPLAINT AND JURY DEMAND

---

    Cornice & Rose International, LLC files this Complaint against Four Keys, LLC, First Security Bank & Trust Company, Marco Technologies, Young Construction, Ltd., Perry Novak Electric, Inc., Kamm Excavating Corp, Superior Lumber, Inc., Kurt Herbrechtsmeyer, Dean Snyder Construction Co., Mick Gage Plumbing & Heating, Inc, Northern Cedar Service Co., Inc., Brian Young, and WWA Design, LLC d/b/a Atura Architecture. For its causes of action Plaintiff will respectfully show the following:

### PARTIES

    1.    Cornice & Rose International, LLC is an Illinois limited liability company with its principal place of business in Barrington, Illinois.

    2.    Cornice & Rose International, LLC is an architectural firm in the business of real estate development, including master planning, architectural, and construction management

services.

3. Four Keys, LLC is an Iowa limited liability company with its principal place of business in Charles City, Iowa.

4. First Security Bank & Trust Company is an Iowa domestic bank with its principal place of business in Charles City, Iowa.

5. Marco Technologies, LLC is a Minnesota limited liability company with its principal place of business in St. Cloud, Minnesota.

6. Young Construction, Ltd. is an Iowa limited liability company with its principal place of business in Charles City, Iowa.

7. Perry Novak Electric, Inc. is an Iowa corporation with its principal place of business in Decorah, Iowa.

8. Kamm Excavating Corp. is an Iowa corporation with its principal place of business in Charles City, Iowa.

9. Superior Lumber, Inc. is an Iowa corporation with its principal place of business in Charles City, Iowa.

10. Kurt Herbrechtsmeyer is President of First Security Bank & Trust Company and is an individual who resides in Charles City, Iowa.

11. Dean Snyder Construction Co., is an Iowa corporation with its principal place of business in Clear Lake, Iowa.

12. Mick Gage Plumbing & Heating, Inc. is an Iowa corporation with its principal place of business in New Hampton, Iowa.

13. Northern Cedar Service Co., Inc. is an Iowa company with its principal place of business in Mason, City, Iowa.

14. Brian Young is an individual who resides in Iowa.

15. WWA Design, LLC (hereinafter "Atura Architecture") is an affiliate of Dean Snyder Construction Co. and has filed a fictious name resolution with the Iowa Secretary of State to do business under the name Atura Architecture.

**JURISDICTION AND VENUE**

16. This Court has subject matter jurisdiction of this case under 28 U.S.C. §1338 because this action arises under federal copyright law, 17 U.S.C. § 101 et seq. jurisdiction is also proper pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

17. Venue is proper in this District under 28 U.S.C. §1400(a) and 28 U.S.C. § 1391(b)(1) and (3) because defendants Four Keys, LLC, First Security Bank & Trust Company, and Kurt Herbrechtsmeyer, all reside and may be found in this District, and because all defendants do business in the State of Iowa. Furthermore, venue is proper pursuant to 28 U.S.C. 1391(b)(2) because the property at issue in this case is located in Charles City, Iowa, and because a substantial portion of the events giving rise to the claims occurred in this district.

**FACTUAL BACKGROUND**

18. Cornice & Rose International, LLC (hereinafter Cornice & Rose) is an architectural firm and it was hired to design a building in Charles City, Iowa by McQuillen Place Company, LLC.

19. The building (hereinafter "McQuillen Place Property") was located on property legally described in Attachment A.

20. Cornice & Rose prepared technical drawings for the McQuillen project.

3
Case 6:20-cv-02097-LRR-KEM   Document 55   Filed 07/16/21   Page 3 of 20

21. Cornice & Rose applied for a copyright for these technical drawings and the copyright registration has been approved by the copyright office. The registration number is VA0002206711.

22. Defendant Dean Snyder Construction Co. obtained and had access to these technical drawings which were provided by Cornice & Rose in a PDF to prospective bidders including Dean Snyder Construction Co.

23. First Security Bank & Trust Company (hereinafter Bank) was the primary lender to Debtor McQuillen Place and obtained a mortgage on the building McQuillen Place Company was constructing.

24. Cornice & Rose designed the building located at 123 North Main Street, Charles City, Iowa ("McQuillen Place"). Pursuant to 17 U.S.C. 102(a)(8), McQuillen Place -- 'the design of [the] building as embodied in any tangible medium of expression, including [the] building, architectural plans, or drawings … [including] the overall form as well as the arrangement and composition of spaces and elements in the design" -- is protected by copyright under Title 17 of the United States Code. Section 106 of Title 17 grants Cornice & Rose exclusive rights to a variety of actions, including preparing plans or works derived from the physical manifestation of Cornice & Rose's design work product.

25. As the architect, Cornice & Rose has intellectual property rights to the building based on the provisions of 17 U.S.C. 102(a)(8) and other provisions in Title 17, which provide for an architectural works copyright.

26. Certification of Registration Number VA 2-218-269 was issued by the United States Copyright Office on October 10, 2020.

27. Any license from Cornice & Rose to McQuillen Place Company for the use of the Cornice & Rose architectural works copyright have terminated.

28. McQuillen Place filed for bankruptcy on April 25, 2019 in U.S. Bankruptcy Court for the Northern District of Iowa in Case No. 19-507 and Charles L. Smith was appointed as Trustee on December 11, 2019.

29. The Bank never obtained any agreement or license from Cornice & Rose which would allow their use of the Cornice & Rose intellectual property rights under 17 U.S.C. 102(a)(8) and related provisions.

30. On March 23, 2020, the Bankruptcy Trustee, Charles L. Smith, moved to sell the real estate under §363(b) and also sought to have the sale free and clear of liens which is authorized, under certain circumstances, by 11 U.S.C. 363(f).

31. Cornice & Rose objected to the sale based on various grounds including its intellectual property rights.

32. Pursuant to the Court's April 9, 2020 Order, First Security Bank & Trust Company was the highest bidder and therefore the purchaser of the McQuillen Place Property.

33. The Trustee was advised in March 2020 that McQuillen Place's license from Cornice & Rose was revoked and could not be transferred.

34. On April 9, 2020 the U.S. Bankruptcy Court for the Northern District of Iowa in Case No. 19-507 entered an Order that stated in relevant part as follows:

> 19. Copyright: So long as the Purchaser, or its assignee, or its architect or agents do not use the Plans or Drawings or any work in which Cornice & Rose International, LLC ("C & R") holds a valid copyright (the C & R Intellectual Property), the Purchaser, or its assignee, may use and occupy the Property, develop the Property, and complete the existing interior and exterior of the Property, free and clear of existing and future claims of C & R, whether for copyright infringement or otherwise. The Purchaser, or its assignee, or its architect or agents may not use C & R

Intellectual Property without first making arrangements satisfactory to C
& R for the use of the C & R Intellectual Property. Nothing contained
herein shall preclude future claims of copyright infringement resulting
from the improper or unauthorized use of the C & R Intellectual Property
by the Purchaser, or its assignee, or any third parties.

35. By Order entered May 15, 2020, the Bankruptcy Court denied Motions for Reconsideration and a Motion by Cornice & Rose to Partial Withdrawal of the Reference.

36. Each Defendant has engaged in actions that infringe the architectural works copyright held by Cornice & Rose.

37. First Security Bank & Trust Company violated Cornice & Rose's architectural works copyright by seeking to purchase and then assigning its interest in the building, over which Cornice & Rose maintained architectural works copyright protections, to Four Keys, LLC.

38. Defendant Four Keys, LLC violated Cornice & Rose's exclusive architectural works copyright by purchasing and taking possession of the building over which Cornice & Rose maintained architectural works copyright protections in that, inter alia, it attempted through the purchase to obtain the right to use the physical manifestation of Cornice & Rose's architectural works copyrighted design. Four Keys, LLC further violated Cornice & Rose's exclusive rights in Cornice & Rose's protected design work product by inducing third parties (as described herein) to (among other things) use Cornice & Rose's protected design work product while engaging in construction activities which were themselves based on and derivative of Cornice & Rose's protected design work product.

39. Kurt Herbrechtsmeyer violated Cornice & Rose's architectural works copyright by overseeing and coordinating the actions of First Security Bank & Trust Company and Four Keys, LLC and by painting the exterior of the building over which Cornice & Rose maintained architectural works copyright protections. Such actions necessarily violated Cornice & Rose's

6

exclusive rights in Cornice & Rose's protected design work product by using Cornice & Rose's protected design work product as a basis for engaging in construction activities which were themselves based on and derivative of Cornice's Rose's protected design work product.

40. Marco Technologies, LLC violated Cornice & Rose's architectural works copyright by installing security system in the building over which Cornice & Rose maintained architectural works copyright protections. Such actions necessarily violated Cornice & Rose's exclusive rights in Cornice & Rose's protected design work product by using Cornice & Rose's protected design work product as a basis for engaging in construction activities which were themselves based on and derivative of Cornice's Rose's protected design work product.

41. Young Construction, Ltd. violated Cornice & Rose's architectural works copyright by working on exterior of the building over which Cornice & Rose maintained architectural works copyright protections. Such actions necessarily violated Cornice & Rose's exclusive rights in Cornice & Rose's protected design work product by using Cornice & Rose's protected design work product as a basis for engaging in construction activities which were themselves based on and derivative of Cornice's Rose's protected design work product.

42. Perry Novak Electric, Inc. violated Cornice & Rose's architectural works copyright by installing and providing electrical services in the building over which Cornice & Rose maintained architectural works copyright protections. Such actions necessarily violated Cornice & Rose's exclusive rights in Cornice & Rose's protected design work product by using Cornice & Rose's protected design work product as a basis for engaging in construction activities which were themselves based on and derivative of Cornice's Rose's protected design work product.

43. Kamm Excavating Corp. violated Cornice & Rose's architectural works copyright by moving gravel around exterior of the building over which Cornice & Rose maintained architectural works copyright protections. Such actions necessarily violated Cornice & Rose's exclusive rights in Cornice & Rose's protected design work product by using Cornice & Rose's protected design work product as a basis for engaging in construction activities which were themselves based on and derivative of Cornice's Rose's protected design work product.

44. Superior Lumber, Inc. violated Cornice & Rose's architectural works copyright by observing the building in situ then then delivering building materials to the building over which Cornice & Rose maintained architectural works copyright protections. Such actions necessarily violated Cornice & Rose's exclusive rights in Cornice & Rose's protected design work product by using Cornice & Rose's protected design work product as a basis for engaging in construction activities which were themselves based on and derivative of Cornice's Rose's protected design work product.

45. Dean Snyder Construction Co. violated Cornice & Rose's architectural works copyright by working on the building over which Cornice & Rose maintained architectural works copyright protections. Such actions necessarily violated Cornice & Rose's exclusive rights in Cornice & Rose's protected design work product by using Cornice & Rose's protected design work product as a basis for engaging in construction activities which were themselves based on and derivative of Cornice's Rose's protected design work product.

46. Mick Gage Plumbing & Heating, Inc. violated Cornice & Rose's architectural works copyright by working on the building over which Cornice & Rose maintained architectural works copyright protections. Such actions necessarily violated Cornice & Rose's exclusive rights in Cornice & Rose's protected design work product by using Cornice & Rose's

protected design work product as a basis for engaging in construction activities which were themselves based on and derivative of Cornice's Rose's protected design work product.

47. Northern Cedar Service Co., Inc. violated Cornice & Rose's copyright by working on or otherwise engaging in construction on the roof of the building over which Cornice & Rose maintained architectural works copyright protections. Such actions necessarily violated Cornice & Rose's exclusive rights in Cornice & Rose's protected design work product by using Cornice & Rose's protected design work product as a basis for engaging in construction activities which were themselves based on and derivative of Cornice's Rose's protected design work product.

48. Brian Young violated Cornice & Rose's copyright by observing Cornice & Rose's protected design work product in situ then, based on such observation of the protected work product fastening panels to the exterior of the first floor of McQuillen Place. Such actions necessarily violated Cornice & Rose's exclusive rights in Cornice & Rose's protected design work product by using Cornice & Rose's protected design work product as a basis for engaging in construction activities which were themselves based on and derivative of Cornice's Rose's protected design work product.

## CAUSES OF ACTION

### COUNT I: Copyright Infringement (Architectural Works)

49. Cornice & Rose complain of Defendants for copyright infringement and incorporate paragraphs 1-48 above by reference.

50. Cornice & Rose owns an architectural works copyright over the McQuillen Place Property and obtained a Certification of Registration. Attachment B.

51. Defendants conduct amounts to infringement of Cornice & Rose's architectural works copyright protections.

52. Defendants Four Keys, LLC, First Security Bank & Trust Company, and Kurt Herbrechtsmeyer's infringement of Cornice & Rose's copyrights was not innocent, because at all material times Defendants (either themselves or through the party(ies) who engaged their services) had access to unequivocal letters and statements (representative specimens attached hereto as Attachment C) stating and publicly declaring Cornice & Rose's copyright protections and its determination to assert claims thereunder.

53. Defendants' infringement of Cornice & Rose's copyrights was willful, because at all material times Defendants were either actually aware or should reasonably have been aware of Cornice & Rose's copyrights, yet chose to disregard them and pirate Cornice & Rose's intellectual property.

54. Defendants' infringement of Cornice & Rose's copyrights was not done in the course of educational, philanthropic, journalistic, or research pursuits, but was done for the purpose of private financial gain; specifically, to save money in the completion of the construction of a building by pirating Cornice & Rose's architectural works.

55. The fact of Cornice & Rose's architectural works copyright has been a widely publicized and discussed topic in the media and therefore all subcontractors knew or should have known that any work they performed on the McQuillen Place Building could be subject to an infringement claim.

56. Any rental or sale of McQuillen Place, by Defendants or any other party, without Cornice & Rose's express license and permission will be a further act of copyright infringement.

57. Cornice & Rose is entitled to the following:

    a. For an accounting by Defendants of their activities in connection with their infringements of Cornice & Rose's copyrights in and to the above- described

works, as well as of the gross profits and revenue attributable to their infringement(s);

b. For Cornice & Rose's actual damages, in an amount to be determined at trial;

c. For Defendants' direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits derived from the construction, advertising, promotion, marketing, and sale of infringing structures, in an amount to be determined at trial;

d. In the alternative and at Cornice & Rose's option, post-verdict, Cornice & Rose seeks an award of statutory damages (e.g., up to $150,000 for proven willful infringement under 17 U.S.C. §504(c)(2))in lieu of actual damages for the infringement of any one or more of Cornice & Rose's works, described above, in an amount to be determined at trial;

e. Cornice & Rose's actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

f. For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing Cornice & Rose's copyrights in any manner whatsoever, including the advertising, marketing, construction, and sale of infringing structures, and further barring Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of Cornice & Rose's plans and/or derivatives thereof;

g. An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all plans and elevations which infringe Cornice & Rose's copyrights, including all

11
Case 6:20-cv-02097-LRR-KEM   Document 55   Filed 07/16/21   Page 11 of 20

photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of Defendants;

h. For such other relief as the Court determines to be just and equitable.

WHEREFORE, Cornice & Rose demands that judgment be entered in Cornice & Rose's favor and against Defendants as follows:

a. For an accounting by Defendants of their activities in connection with their infringements of Cornice & Rose's copyrights in and to the above- described works, as well as of the gross profits and revenue attributable to their infringement(s);

b. For Cornice & Rose's actual damages, in an amount to be determined at trial;

c. For Defendants' direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits derived from the construction, advertising, promotion, marketing, and sale of infringing structures, in an amount to be determined at trial;

d. In the alternative and at Cornice & Rose's option, post-verdict, Cornice & Rose seeks an award of statutory damages (e.g., up to $150,000 for proven willful infringement under 17 U.S.C. §504(c)(2))in lieu of actual damages for the infringement of any one or more of Cornice & Rose's works, described above, in an amount to be determined at trial;

e. Cornice & Rose's actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

f. For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing Cornice & Rose's copyrights in any manner whatsoever, including the advertising, marketing, construction, and sale of infringing structures, and further barring Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of Cornice & Rose's plans and/or derivatives thereof;

g. An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all plans and elevations which infringe Cornice & Rose's copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of Defendants;

h. For such other relief as the Court determines to be just and equitable.

## COUNT II: Declaratory Judgment

58. Cornice & Rose realleges paragraphs 1 – 57 above by reference.

59. Paragraph 19 of the Bankruptcy Court's April 9, 2020 Order is at best ambiguous, and the rights afforded to purchasers of the property, and their successors and assignees with regard to the architectural works copyright protections of Cornice & Rose are uncertain.

60. Paragraph 19 of the Bankruptcy Court's April 9, 2020 Order reads as follows:

> 19. Copyright: So long as the Purchaser, or its assignee, or its architect or agents do not use the Plans or Drawings or any work in which Cornice & Rose International, LLC ("C & R") holds a valid copyright (the C & R Intellectual Property), the Purchaser, or its assignee, may use and occupy the Property, develop the Property, and complete the existing interior and exterior of the Property, free and clear of existing and future claims

> of C & R, whether for copyright infringement or otherwise. The Purchaser, or its assignee, or its architect or agents may not use C & R Intellectual Property without first making arrangements satisfactory to C & R for the use of the C & R Intellectual Property. Nothing contained herein shall preclude future claims of copyright infringement resulting from the improper or unauthorized use of the C & R Intellectual Property by the Purchaser, or its assignee, or any third parties.

61. The first clause of the first sentence in paragraph 19 states that the purchaser or assignee is prohibited from using not only plans and drawings, but also "… or any work in which Cornice & Rose International, LLC holds a valid copyright (the C&R Intellectual Property)…"

62. This clearly prohibits use of plans and drawings but also prohibits the purchaser or assignee from using any work on which Cornice & Rose International, LLC holds an architectural works copyright.

63. Cornice & Rose International, LLC holds a valid architectural works copyright which applies to the structure that was sold pursuant to the Court's April 9, 2020 Order.

64. The Court needs to declare the rights of the parties, determine the extent of the rights of Cornice & Rose International, LLC under the architectural works copyright, and specifically declare what rights Cornice & Rose International, LLC has and to what extent the structure can be used by the purchasers and assignees.

65. The second clause of the first sentence of paragraph 19, the Court states:

> …the Purchaser, or its assignee may use and occupy the Property, develop the Property, and complete the existing interior and exterior of the Property, free and clear of existing and future claims of C & R, whether for copyright infringement or otherwise. (Court's April 9, 2020 Order).

66. The language prohibiting "use" of the copyrighted property contained in the first clause of the sentence, appears to be inconsistent with the language in the second clause.

67. The Court should declare the rights of the parties, and determine that the limitations on the purchaser and assignees' with regard to the Intellectual Property includes the entire structure and that any use granted in paragraph 19 requires payment of consideration satisfactory to Cornice & Rose International, LLC.

68. The final sentence in paragraph 19 of the Court's Order states:

> The Purchaser, or its assignee, or its architect or agents may not use C &R Intellectual Property without first making arrangements satisfactory to C& R for the use of the C & R Intellectual Property. (Court's April 9, 2020 Order).

69. This language prohibits the purchaser or assignee from using Intellectual Property in any way, without making satisfactory arrangements which suggests payment of an agreed upon consideration to Cornice & Rose International, LLC as a condition for the earlier authorization of use of Intellectual Property.

70. The Court's Order is not specific regarding what it means by "making arrangements satisfactory to C& R for the use of the C & R Intellectual Property" for any use.

71. The sentence makes clear that the purchaser or assignee must obtain Cornice & Rose International, LLC's consent before using the Intellectual Property however it is not clear from the plain language of the Order, what use, if any, is permitted without the consent of Cornice & Rose International, LLC.

72. As a result, Cornice & Rose is entitled to a declaration and judgment setting forth the specific protections that its Copyright affords it.

73. Specifically, the Court should declare that the Intellectual Property includes the entire building and therefore any use of the building. In addition, the Court should declare that the purchaser or assignee must obtain Cornice & Rose International, LLC's permission before

using the property and that Cornice & Rose International, LLC's may require payment of consideration as a condition of use.

74. Cornice & Rose is entitled to a declaration and judgment setting forth that any rental or sale of McQuillen Place, by Defendants or any other party, without Cornice & Rose's express license and permission will be a further act of copyright infringement.

WHEREFORE, Cornice & Rose International, LLC respectfully prays that the Court enter a Declaratory Judgment declaring the rights of the parties, determine the extent of the rights of Cornice & Rose International, LLC under the architectural works copyright, and specifically declare what rights Cornice & Rose International, LLC has and to what extent the structure can be used by the purchasers and assignees, specifically Cornice & Rose International, LLC prays that the Court determine that the limitations on the purchaser and assignees' with regard to the Intellectual Property includes the entire structure and that any use granted in paragraph 19 requires payment of consideration satisfactory to Cornice & Rose International, LLC.

### COUNT III: Copyright Infringement (Technical Drawings)

75. Cornice & Rose realleges paragraphs 1 – 74 above by reference.

76. After acquiring the McQuillen Place Property, First Security Bank & Trust Company sold the building to its affiliate Four Keys, LLC.

77. Despite selling the building, because of the close relationship between First Security Bank & Trust Company and Four Keys, LLC, First Security Bank & Trust Company participated in discussions and various developments associated with the McQuillen Place Property.

16
Case 6:20-cv-02097-LRR-KEM   Document 55   Filed 07/16/21   Page 16 of 20

78. Through his role as President of First Security Bank & Trust Company, Kurt Herbrechtsmeyer similarly participated in discussions and various developments associated with the McQuillen Place Property.

79. Defendants First Security Bank & Trust Company, Kurt Herbrechtsmeyer, and Four Keys, LLC have a close relationship with Dean Snyder Construction Co. and the parities all worked together in developing the McQuillen Place Property.

80. Dean Snyder Construction Co. has, at the direction of and in coordination with First Security Bank & Trust Company, Kurt Herbrechtsmeyer, and Four Keys, LLC, prepared and published technical drawings for the McQuillen Place Building.

81. The Dean Snyder Construction Co. technical drawings show its name and the Atura Architecture name on the technical drawings.

82. The Dean Snyder Construction Co. and Atura Architecture technical drawings are substantially similar to those made by Cornice & Rose and were the result of copying the Cornice & Rose technical drawings.

83. The preparation and publication of the Dean Snyder Construction Co. and Atura technical drawings is an infringement of Cornice & Rose's technical drawings copyright.

84. Defendants Four Keys, LLC, First Security Bank & Trust Company, and Kurt Herbrechtsmeyer acted in concert with Dean Snyder Construction Co. and Atura Architecture and should be jointly liable for the infringement.

85. Defendant Kurt Herbrechtsmeyer is the Chief Executive of First Security Bank & Trust Company and controls its actions. Kurt Herbrechtsmeyer and First Security Bank & Trust Company control the activities of Defendant Four Keys, LLC.

86. Kurt Herbrechtsmeyer, First Security Bank & Trust Company and Four Keys, LLC have the right and ability to supervise any infringing activity by Dean Snyder Construction Co. and Atura. Kurt Herbrechtsmeyer, First Security Bank & Trust Company and Four Keys, LLC have an obvious and direct financial interest in the use of the material that is subject to Cornice & Rose's technical drawings copyright.

87. The right and ability to supervise Dean Snyder Construction Co. and Atura and the financial interests in the copyrighted materials provide a basis for vicarious liability for Kurt Herbrechtsmeyer, First Security Bank & Trust Company and Four Keys, LLC.

WHEREFORE, Cornice & Rose demands that judgment be entered in Cornice & Rose's favor and against Defendants Dean Snyder Construction Co., Kurt Herbrechtsmeyer, Four Keys, LLC, First Security Bank & Trust Company, and WWA Design, LLC d/b/a Atura Architecture as follows:

a. For an accounting by Defendants of their activities in connection with their infringements of Cornice & Rose's copyrights in and to the above- described works, as well as of the gross profits and revenue attributable to their infringement(s);

b. For Cornice & Rose's actual damages, in an amount to be determined at trial;

c. For Defendants' direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits derived from the construction, advertising, promotion, marketing, and sale of infringing structures, in an amount to be determined at trial;

d. In the alternative and at Cornice & Rose's option, post-verdict, Cornice & Rose seeks an award of statutory damages (e.g., up to $150,000 for proven willful infringement under 17 U.S.C. §504(c)(2))in lieu of actual damages for the infringement of any one or

more of Cornice & Rose's works, described above, in an amount to be determined at trial;

e. Cornice & Rose's actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

f. For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing Cornice & Rose's copyrights in any manner whatsoever, including the advertising, marketing, construction, and sale of infringing structures, and further barring Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of Cornice & Rose's technical documents, architectural design work and work product, and plans and/or derivatives thereof;

g. An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all technical documents, architectural design work and work product, and plans and elevations which infringe Cornice & Rose's copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of Defendants;

h. For such other relief as the Court determines to be just and equitable

## CONDITIONS PRECEDENT

88.     Cornice & Rose generally avers that all conditions precedent to its rights of recovery have occurred or been performed, or have been waived or excused by defendants.

JURY DEMAND

89. Plaintiff demands a jury trial of all issues so triable.


TOM RILEY LAW FIRM, P.L.C.

By: */s/ Peter C. Riley*
PETER C. RILEY         AT006611
4040 First Avenue NE
P.O. Box 998
Cedar Rapids, IA 52406-0998
Ph.: (319) 363-4040
Fax: (319) 363-9789
E-mail: peterr@trlf.com

ATTORNEY FOR PLAINTIFF